IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:18-cr-260 |
| DAVID MCCLOSKEY, | |
| Defendant. | |

**O R D E R**

Defendant David McCloskey once again comes to the Court seeking relief from his sentence due to the health risks posed by the COVID-19 pandemic. By Order of June 9, 2020, (doc. 1335), the Court denied his prior "Motion for Relief Under the CARES Act or in the Alternative Under the Second Chance Reauthorization Act, 18 U.S.C. § 3582 and § 4205(g)," (doc. 1328). On January 19, 2021, McCloskey filed his Motion to Reduce Sentence Under 18 U.S.C. § 3582 (c)(1)(A). (Doc. 1386.) On February 3, 2021, the Government filed its Motion to Dismiss McCloskey's recent Motion due to his failure to exhaust his administrative remedies. (Doc. 1393.) Alternatively, the Government argued that McCloskey's Motion should be denied on the merits. (Id.) After careful consideration, the Court **GRANTS** the Government's Motion for Extension of Time, (doc. 1388), **GRANTS** the Government's Motion to Dismiss, (doc. 1393), and **DENIES** McCloskey's Motion to Reduce Sentence, (doc. 1386). Further, the Court **DENIES** McCloskey's request for appointment of counsel, (doc. 1386, p. 8).

## BACKGROUND

After McCloskey pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine and to being a drug user in possession of a firearm, the Court sentenced him to

a total term of imprisonment of 165 months on July 23, 2019. (Docs. 1026, 1088.) The Court recommended that McCloskey be given credit towards his sentence for all time served in custody since April 16, 2018. (Doc. 1088, p. 2.) McCloskey is currently serving that sentence at FMC Lexington in Lexington, Kentucky, and he has a projected release date of January 3, 2030. (Doc. 1393, p. 2.) In his recent Motion, McCloskey contends that his medical conditions of Type 1 Diabetes, coronary artery disease, and weight constitute extraordinary and compelling reasons warranting his release. (Doc. 1386, p. 7.)

## DISCUSSION

The First Step Act at 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted his administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A).

### A. Defendant Failed to Exhaust his Administrative Remedies.

The United States argues that McCloskey cannot meet the first of these requirements—exhaustion of administrative remedies—because he has failed to present his request for release to the Warden or anyone within the BOP. (Doc. 1330, pp. 14–17.) Specifically, Section 3582(c)(1)(A) prescribes that a defendant may file a motion for compassionate release only "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). McCloskey attaches to his Motion a request for compassionate release he sent to the warden of his facility on June 11, 2020. (Doc. 1386-1, p. 37.) However, as the Government points out, (doc. 1393, pp. 12—13), he did mention any of the health conditions he cites in support of his Motion to Reduce Sentence. Indeed, the BOP denied his request because he failed to state "how [he] would like to be considered for [the compassionate release] program." (Doc. 1393-2.) Because McCloskey provide the BOP "no opportunity to assess" the arguments he now raises before this Court, he failed to exhaust his administrative remedies. See, Order United States v. Heller, 2:18-CR-56 (S.D. Ga. Nov. 2, 2020) ECF No. 423, p. 4. Moreover, after the United States moved to dismiss his Motion for failure to exhaust, McCloskey failed to file any opposition to the United States' Motion. Thus, that Motion is due to be granted as unopposed. Local Rule 7.5.

The Court cannot grant McCloskey compassionate release until he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In the face of the Government's Motion, McCloskey has failed to demonstrate that he fulfilled this requirement before bringing his Motion

for Compassionate Release.  Consequently, the Court **DENIES** McCloskey's Motion and **GRANTS** the Government's Motion to Dismiss.

### B.     Defendant's Release Would Contradict the Section 3553(a) Factors.

Further, putting aside the Government's exhaustion arguments, the Court can only grant compassionate relief "after considering the factors set forth in section 3553(a)."  18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whether to grant that relief.").  Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
5. any pertinent policy statement ... by the Sentencing Commission;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An evaluation of these factors weighs heavily against McCloskey's request for compassionate release.  The facts of this case, including those established by McCloskey's own admissions, reveal a disturbingly serious level of criminality.  He played a significant role in a conspiracy that disseminated copious amounts of dangerous illicit drugs to this community.  The charge McCloskey pleaded guilty to is a serious crime for which Congress establishes a penalty of up to life imprisonment.  McCloskey already received a sentence well below that potential penalty and below the sentence recommended by application of the United States Sentencing Guidelines.  Further, the Court sentenced him only nineteen months ago.  Even considering the time McCloskey was detained prior to his sentence, releasing McCloskey after such a short period would not reflect the seriousness of his offense, would not provide just punishment, and would contradict the purposes of deterrence.  18 U.S.C. § 3553(a)(2)(A)-(B).  Further, remaining within the custody of the Bureau of Prisons provides McCloskey the opportunity to receive "needed educational or vocational training" and "other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a)(2)(D).  While McCloskey raises concerns about the medical treatment he is receiving and the conditions of his detention, the medical records attached to McCloskey's Motion and the Government's Response indicate that prison officials are attending to his medical needs.  The Government's Response also indicates that the BOP is taking measures to address COVID-19 in its facilities including McCloskey's and that McCloskey has actually survived contracting COVID-19 without any remarkable symptoms.  Moreover, allowing McCloskey to be released would create significant sentencing disparities between McCloskey and other defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).  In sum, the Court has reviewed all of the Section 3553(a) factors and finds that they warrant the denial of his request for compassionate release.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Government's Motion for Extension of Time, (doc. 1388), **GRANTS** the Government's Motion to Dismiss, (doc. 1393), and **DENIES** McCloskey's Motion to Reduce Sentence, (doc. 1386).  Further, the Court **DENIES** McCloskey's request for appointment of counsel, (doc. 1386, p. 8).

**SO ORDERED**, this 26th day of February, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA