**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

DAVID MCCLOSKEY

      Petitioner,

    v.

FLOWERS, UNITED STATES OF
AMERICA,

      Respondent.

CIVIL ACTION NO.: 4:22-cv-246
(Formerly 4:18-cr-260-1)

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate

Judge's June 1, 2023, Report and Recommendation, (doc. 10), to which Petitioner has filed an

objection, (doc. 11).   McCloskey's Objection does not identify any defect in the Magistrate

Judge's analysis.   (See generally id.)   Instead, McCloskey reiterates his contention that his

Motion to Vacate was timely and again urges the Court to interpret N.Y. State Rifle & Pistol Ass'n,

Inc. v. Bruen, ___ U.S. ___, 142 S. Ct. 2111 (2022) as identifying a new right made retroactively

applicable to his case, but he fails to support this contention with relevant law.

Relying on Bruen, McCloskey asserts that the Second Amendment's plain text protects his

right to possess a handgun and that § 922(g)(3),[1] the statute under which McCloskey was

convicted, infringed on that right.   (See generally, doc. 11).   In seeking habeas relief,

McCloskey's arguments fall short, though.   He points to cases which undermine other similar

statutes and holdings analyzing the issue in a different context and posture.   (See, e.g., doc. 11 at

---

[1]   18 U.S.C. § 922(g)(3) prohibits the possession of a firearm by unlawful users of drugs.

1-2 (citing United States v. Rahimi, 59 F.4th 163 (5th Cir. 2023), withdrawn and superseded by

61 F.4th 443 (5th Cir. 2023), cert. granted, No. 22-915, 2023 WL 4278450 (U.S. June 30, 2023)

(holding 18 U.S.C. § 922(g)(8), the statute prohibiting persons subject to domestic violence

restraining orders, unconstitutional.)); id. at 2 (citing United States v. Harrison, 2023 WL 1771138,

at *1 (W.D. Okla. Feb. 3, 2023) (holding 18 U.S.C. § 922(g)(3) unconstitutional after the defendant

sought dismissal of the indictment)).).   In other words, McCloskey never directs the Court to any

case considering 18 U.S.C. § 922(g)(3) in the § 2255 context, and certainly does not overcome the

AEDPA statute of limitations, a burden entirely distinguishable from the ones faced in Rahimi and

Harrison, which challenged the validity of indictments on direct appeal and pretrial.

Next, McCloskey argues that because there exists "no historical prohibition on the

possession of firearms" by intoxicated persons, a "long standing preexisting problem," the court

must find § 922(g)(3) unconstitutional.   McCloskey states that he "stands by" his legal analysis

and precedent which he cited previously, (see doc. 11 at 2), wherein he argued that he should be

included in the category of "the people" whom the Second Amendment guarantees the right to

bear arms, but he never refutes the Court's conclusion that such a finding does not necessitate

relief.  (See doc. 10 at 12 (citing Nat'l Rifle Ass'n v. Bondi, 61 F.4th 1317, 1325 (11th Cir.

2023)).).   While the Bruen framework certainly requires courts to consider whether contemporary

firearm regulations are "distinctly similar" to historical precedent when analyzing the

constitutionality of firearm regulations created to treat longstanding societal problems, its

underlying assumption contemplates whether such prohibitions are justified as against law abiding

citizens.   Indeed, regulation of citizens who remain in the category of "the people" may be

justified even under Bruen.   Bruen, 142 S. Ct. at 2133 ("[W]hether modern and historical

regulations impose a comparable burden on the right of armed self-defense and whether that

burden is comparably *justified* are 'central' considerations when engaging in an analogical inquiry." (citations omitted)).   Bruen demands the Court consider "how and why the regulations burden a *law-abiding* citizen's right to armed self-defense," not whether petitioners may be released from confinement after being found to have broken the law   Bruen, 142 S. Ct. at 2133 (emphasis added).   Therefore, even if McCloskey belonged to such a class, it is not clear that his firearm possession could not be regulated.   And even if the regulation was made unlawful by Bruen, the holding simply does not demand retroactive postconviction relief.   Bruen, 142 S. Ct. at 2157 (Alito, J., concurring) ("[T]oday's decision therefore holds that a State may not enforce a law . . . that effectively prevents its law-abiding residents from carrying a gun for [a lawful] purpose.   That is all we decide."); see also In re Williams, 2022 WL 18912836 at *3 (11th Cir. Dec. 15, 2022) (disallowing 28 U.S.C. § 2255(h)(2) successive motion to vacate, finding Bruen did not create new rule of constitutional law made retroactive to cases on collateral review).

In short, McCloskey does not refute the Magistrate Judge's recommendation that, because Bruen did not recognize a new right applicable to him retroactively, his Motion was untimely. The Court agrees that McCloskey's Motion is untimely.   Thus, McCloskey's Objection is **OVERRULED**, (doc. 11), and the Court **ADOPTS** the Report and Recommendation as its opinion, (doc. 10.).   For the reasons discussed by the Magistrate Judge, McCloskey's Petition for Writ of Habeas Corpus, (doc. 1), is **DENIED**.   The Respondent's Motion to Dismiss is **GRANTED**.   (Doc. 7.)   There are no discernable issues worthy of a certificate of appeal. Therefore, the Court **DENIES** the issuance of a Certificate of Appealability.   McCloskey is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."   Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts.   Furthermore, as there are no non-frivolous issues to raise on

appeal, an appeal would not be taken in good faith.   Thus, the Court likewise **DENIES**

McCloskey *in forma pauperis* status on appeal.   The Court **DIRECTS** the Clerk of Court to

**CLOSE** this case and enter the appropriate judgment of dismissal.

      **SO ORDERED**, this 9th day of August, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA